# CASES

# SUPREME COURT

OF

# PENNSYLVANIA.

---

ANDERSON *against* FITLER and others.

### APPEAL.

RULE to shew cause why the appeal from an award of arbitrators should not be set aside.

A compulsory rule for arbitration had been entered by the defendants, and on the 1st *November*, 1816, an award was made, in favour of the plaintiff, for 771 dollars 50 cents. On the 14th of the same month, a recognisance of bail was filed, and at the same time an *affidavit* by *Alexander S. Coxe*, esq. as " *attorney* for the defendants." This affidavit was headed, " *Anderson* v. *Fitler*," without mentioning the other defendants. At the foot of the affidavit, the following words were written, " *The defendants in this case appeal from the award of arbitrators.*"

The action was trespass against the sheriff and his deputies, for taking the goods of the plaintiff, by virtue of an execution issued in a suit, brought by Messrs. *Riker* and *Sampson* of *New York*, against one *Lloyd*. Before the goods were removed, a bond of indemnity was given to the sheriff by *Peter S. Du Ponceau*, esq. in consequence of the claim interposed by the plaintiff in this cause.

At the time the appeal was entered, *Fitler*, the sheriff, was out of office. Neither he nor any of the other defendants

VOL. III.—A.

1816.

*Philadelphia.*

*Monday,*
December 16.

The affidavit required by the 11th section of the arbitration law of 20th March, 1810, to be made by the appellant, his agent, or attorney, may be made by the attorney at law of the appellant.

were consulted with respect to it, as they did not consider themselves at all interested in the controversy, in consequence of the indemnity given by Mr. *Du Ponceau.*

*Phillips* and *Kittera,* in support of the rule, contended, that the affidavit should have been made by the attorney in fact, and not the attorney at law, of the appellants ; and further insisted, that the appeal could not be sustained, because the affidavit was made for only one of four defendants.

The COURT thought it unnecessary to hear *Du Ponceau* in reply.

TILGHMAN C. J. delivered the opinion of the Court. The plaintiff moves to quash this appeal, because it was not properly entered. The objection is, that the affidavit should have been made by the agent, or *attorney in fact,* and not by the attorney at law. The Court do not think so. The word attorney, may be well understood attorney at law ; and he is often the most proper person to make the affidavit, being best acquainted with the business ; especially when his client is at a distance. The act of assembly admits of an affidavit by the party, his *agent* or *attorney,* which comprehends attornies both at law and in fact. The appeal, therefore, is entered within the words of the law, and so it is also within its spirit, for it appears, that the persons ultimately responsible in this action, are Messrs. *Riker* and *Sampson* of *New York,* at whose request Mr. *Du Ponceau* gave an indemnifying bond to sheriff *Fitler,* when he made a levy on the goods of the plaintiff, in consequence of which, this suit is brought. As for the defendants on record, they have taken no concern in this action, trusting altogether to their security ; so that, in fact, they have left it to Mr. *Du Ponceau* to do as he thought proper. The affidavit, therefore, was made by the attorney for the persons who have the greatest interest, and to whom the conduct of the suit has been confided by the defendants on record. As to the objection of hardship in compelling the defendants to appeal against their will, I do not take that to be the true state of the fact. Although the defendants did not order the appeal, they did not object to it. The objection comes from the plaintiff. If the defendants think proper, they may come into Court and strike off the appeal.

But then Mr. *Fitler* must consider, that by doing so, he may lose the benefit of the indemnifying bond. That is a matter, however, with which at present this Court has nothing to do. We are of opinion, that the appeal was well entered, and therefore, the rule to shew cause, &c. must be discharged.